O’Donnell, J.,
dissenting.
{¶ 22} Respectfully, I dissent.
{¶ 23} This case presents the issue of whether the state board of education may deny a petition to transfer territory from one school district to another based solely on a loss of revenue to the relinquishing (or transferring) school district. The lead opinion resolves this issue by concluding that “the state board may consider a loss of revenue to be a sufficient demonstration of a financial or educational detriment to the transferring school district.” However, a relinquishing district will always suffer a loss of some revenue when there is a transfer of territory from one school district to another. Further, the evidence here is insufficient to support the board’s finding that the loss of revenue will impair the fiscal or educational operations of the relinquishing district, and the state board compounded this error when it found that a de minimis impact on racial isolation also weighed against the transfer.
Loss of Revenue
{¶ 24} Ohio Adm.Code 3301-89-02(B)(9) directs the board to consider this question: “Will the loss of either pupils or valuation be detrimental to the fiscal or educational operation of the relinquishing school district?” Notably, the relevant consideration is not whether there will be a loss of pupils or a loss of valuation; rather the regulation directs the board to evaluate whether those losses will have a detrimental impact on the fiscal or educational operation of the relinquishing district. Thus, Ohio Adm.Code 3301-89-02(B)(9) expressly recognizes that a loss of students and revenue will occur in every territory transfer and that those losses, per se, are insufficient to support the board’s denial of a transfer when there is no resulting detriment to the operations of the school district. Rather, the school board must consider the impact of the revenue loss on the relinquishing district.
{¶ 25} The question, then, is whether any reasonably foreseeable loss of revenue will be “detrimental to the fiscal or educational operation” of the relinquishing school district. If that loss of revenue, no matter the amount, does not have a detrimental impact on the fiscal or educational operation of the district, the state board may not rely on it to deny a petition to transfer territory.
*181 {¶ 26} In this case, insufficient evidence supports the state board’s finding that the loss of revenue will be detrimental to the fiscal or educational operation of the Bedford City School District. At the initial hearing, Mary Ann Nowak, the district treasurer, testified that the expected loss of revenue would affect school programs, but, as the lead opinion acknowledges, she did not have an accurate projection of the amount that the school district would lose as a result of the transfer because “the expected revenue loss was viewed as less after the legislative changes.” Lead opinion at ¶ 16. The treasurer believed that the district would lose almost $4,000,000 each year out of an annual budget of almost $40,500,000 for 2004. Notably, Lowell Davis, a former school district treasurer and Spitznagel’s expert, testified that a shortfall in a school district’s budget of ten percent would cause the state board to place the district on fiscal watch. After hearing the evidence, the referee found in his first report that the loss of revenue would cause a detrimental impact on the Bedford City School District.
{¶ 27} The state board remanded the matter for the referee to consider what effect 2006 Am.Sub.H.B. No. 66 (“H.B. 66”), which phases out the tangible personal property tax, would have on the proposed transfer. The referee considered the effect of H.B. 66 as well as 2006 Sub.S.B. No. 321 (“S.B. 321”), which mitigates losses to the relinquishing school district as a result of the passage of H.B. 66. Relying on the testimony of Spitznagel’s expert, Todd Puster, the referee recognized that the passage of H.B. 66 and S.B. 321 could mean that the Bedford City School District would lose as little as $1,400,000 per year over the next five years. Further, the referee accepted the expert’s opinion that the school district could save an additional $600,000 by no longer having to provide educational services to students from Walton Hills. Therefore, based on the revised projections presented at the second hearing, the revenue loss to the Bedford City School District amounts to less than two percent of the district’s $44,900,000 annual budget for 2005, but the referee received no evidence that a two percent loss of revenue would detrimentally affect the Bedford City School District.
{¶ 28} The referee thus did not and could not make specific factual findings regarding whether the revised projections of financial loss would impair the fiscal or educational operation of the Bedford City School District. Instead, the referee merely assumed that the same detriment would result from a smaller revenue loss. However, testimony that a ten percent loss of revenue will cause a detriment to the school district does not prove that the same detriment results from a two percent loss of revenue.
{¶ 29} As the lead opinion acknowledges, at best, the evidence before the state board represented only “evidence of significant possible losses in revenue and their possible effects.” (Emphasis added.) Lead opinion at ¶ 16. In my view, *182 speculation as to the potential impact of a potential loss of revenue does not support a decision to deny a petition for a school district transfer.
Roetzel & Andress, L.P.A., Stephen W. Funk, and David R. Harbarger, for appellants.
Richard Cordray, Attorney General, Benjamin C. Mizer, Solicitor General, Alexandra T. Schimmer, Chief Deputy Solicitor General, and Todd R. Marti, Assistant Attorney General, for appellee State Board of Education.
{¶ 30} Accordingly, my view is that the state board may not rely on evidence of a mere loss of revenue to deny a petition for transfer of territory when there is insufficient evidence that the revenue loss would be detrimental to the fiscal or educational operation of the relinquishing school district.
Racial Isolation
{¶ 31} Ohio Adm.Code 3301-89-02(B)(2) requires the state board to consider the following: “Are there racial isolation implications?” and “If approved, would the transfer result in an increase in the percentage of minority pupils in the rehnquishing district?” The referee found that any resulting racial isolation would have a de minimis impact on students. Nonetheless, he concluded that the resulting racial isolation constituted a factor weighing against the territory transfer.
{¶ 32} Also, Ohio Adm.Code 3301-89-03(B)(5) provides that “[t]he transfer shall not cause, preserve, or increase racial isolation.” In evaluating the impact of the transfer on racial isolation pursuant to this regulation, the referee found that “[u]sing the numbers to judge, the determination must be made that a transfer would ever so slightly change the racial composition in the effected [sic] districts, and, as such, this factor disfavors the transfer.” (Emphasis added.)
{¶ 33} The majority does not reach the issue of whether the state board erred in weighing racial factors against the transfer when any resulting racial isolation would be negligible. However, the error of the state board in finding that a de minimis impact on racial isolation weighs against the transfer compounds its misapplication of the law in finding a detrimental impact on the fiscal or educational operation of the relinquishing district from the mere loss of revenue. Accordingly, I disagree with the lead opinion that any error would have been harmless.
{¶ 34} For these reasons, I would reverse the judgment of the court of appeals and on these facts order the state board to grant the petition to transfer.
Cupp, J., concurs in the foregoing opinion.
*183 Squire, Sanders & Dempsey, L.L.P., D. Lewis Clark Jr., and Meghan E. Hill, for appellee Bedford City School District.
Chester, Willcox & Saxbe, L.L.P., and Donald C. Brey, urging affirmance for amici curiae city of Bedford, city of Bedford Heights, and village of Oakwood.
Scott, Scriven & Wahoff, L.L.P., and Patrick J. Schmitz, urging affirmance for amicus curiae Ohio School Boards Association.
Janice St. John, urging reversal, for amici curiae Edward Thellmann, Karen Mellon, Rita Charsanko, Dean Penix, and Joanne Podojil, members of the Walton Hill Education Network.